David Fox seised in Fee of the Premises in Question devises the same to his Son William & Daughter Elizabeth “ To have & “ to hold to my said son & dau’r their heirs & Assigns forever “to be equally divided between them at their respective ages “of 21. years or Day of Marriage of my said daughter which “ shall first happen And in Case of the Mortality of either of “ them before they shal accomplish their respective Ages or “ the Day of Marriage of my said Daughter or without issue “ of their Bodies lawfully begotten Then I give the whole to “ the Survivor And in Case both die before they do accomplish “ their respective Ages or without Issue of their or one of their “ Bodies lawfully begotten Then I give & bequeath the sd. “ Plantation to the right Heirs of me the sd. David Fox forever.” The sd. W’m & Eliz after the Death of the Testator enter’d & *B196 were seised And W’m died before 21. or the Marr. of Eliz & without Issue Eliz married Peter Hack & had Issue by him Nicholas her only Child who is dead without Issue & by his Will devised the Premes to the Deft. The Lessor of the Pit. is the Testors Heir [183] at Law viz the Grandaughter of David his eldest Son
The Question is Whether Eliz the surviving Devisee took an Estate-tail or a Fee-Simple contingent by the Will of the sd. David Fox If the first the Estate-tail is spent by the Death of Nicholas her Son without Issue And then the Lessor as the Testors Heir at Law has a good Title to the Reversion not by Force of the Limitation to the right Heirs for that is void in Point of Limitation but by Descent If Eliz took a Fee simple the Defts. have a good Title
The Solution of this Point depends upon the Construction of the Will I shall therefore propose the Consideration of the following Particulars as necessary & conducive to point out & shew the Testators Meaning the Law & Rule for Construction of Wills
1. What Estate the Devisees took by the first Part of the Devise “ To have & to hold to' my said Son & Daughter their Heirs “ and Assigns forever &c.” 2. How the Estate created by those Words is qualified by the succeeding Clause “ And in Case of the Mortality of either of them ” &c. 3. What Estate the Survivor took by those Words “ Then I give the whole to the Survivor.” 4. How that Estate is enlarged or qualified by what follows “And in Case both die &c.
1. By the first Part of this Devise an absolute Estate in Fee would have vested in the Devisees without all Question But then 2. this Estate is qualified by the subsequent Words In Case of the Mortality &c. And I humbly conceive make it an Estate tail with cross Rem’r This is what I shall endeavour to demonstrate as well from the Words of the Will as the plain & apparent Intention of the Testator
I beg leave to premise that the Word Issue in a Will is equal to & of the same Import with Heirs of the Body This I presume will not be denied being a known & settled Point Now a Devise to one & his Heirs And if he die without Heirs of his Body Rem’r over is clearly an Estate-tail for tho’ the first Words to him & his Heirs carry a Fee simple the subsequent Clause if he die without Heirs of his Body shew what Heirs were intended in the first Part of the Devise viz Heirs of the Body The Law *B197 is the same if the Limitation be upon a dying without Issue because as I sayed the Word Issue in a Will is of the same Force with Heirs of the Body The Authorities in Law as to this Point are very plentiful 1. Ro. A. 835. 1. 836. 7. 9. 839. 3. 4. Cro. Jac. 448. 695. Ro. 29. 1. Vern. 227. 229. 3. Mod. 106. 9. Rep. 128. Skin. 17. Raym. 425. Skin. 559. FitzG. 12. 25.
This is the Case of the first Part of our Devise which is to W’m & Eliz. & their Heirs And in Case of the Mortality of either of them before 21. &c. Or without Issue the whole to the Survivor. The Limitation over upon a dying without Issue makes an Estate [184] tail according to the Cases cited tho’ by the first Words a Fee Simple passed for the Word Issue in the 2 Part of the Clause shews what Heirs were intended in the 1. Part viz. Heirs of the body
The Word Heirs in a Will without any Thing more is often taken to be Heirs of the Body where the Testators Intention is apparently so. A. having 2 Sons devises his Land to the youngest & his Heirs And if he die without Heirs then to the eldest This was adjudged an Estate tail in the youngest for Heirs here must necessarily be intended Heirs of the Body Otherwise the Rem’r over would be fruitless because the elder Brother was Heir general & would have taken as such without the Rem’r 1. Ro. A. 836. 5. 6. 2. Cro. 415. Webb a Herring 1. Sal. 233. Indeed it is a Kind of established Rule Where Lands are devised to one & his Heirs And if he dies wdthout Heirs Rem’r over to another who is Heir gen’l to the 1. Devisee that it is an Estate tail in the 1. Devisee for in such Case Heirs must be intended Heirs of the Body for the Reasons just now mentioned 3. Lev. 70. Br. 84. 2. Cro. 448. 1. Lut. 810. 813.
Now this is exactly our Case the Testator had only two Children W’m & Eliz. The Devisees by one Venter so each was Heir general to the other And the Rem’r being limited to the Survivor
According to the Rule in the Cases just cited Heirs in the first Part of the Devise must be intended Heirs of the Body without the Assistance of the succeeding Clause But when in that the Rem’r is limited upon a dying wdthout Issue It seems to put the Matter beyond Dispute that Heirs in the first Part was intended Heirs of the Body Consequently that the Devisees took an Estate tail & nothing more Vid. Mo. 637.
There is a Difference and I suppose it will be insisted on on the other Side where a Rem’r is limited upon a dying without *B198 Issue generally & where it is to depend upon some contingent Circumstance as dying without Issue in the Life of another or within such Age In which Cases no Estate tail is created but only a Fee Simple contingent as are the Cases of Pell & Brown Cro. Ja. 590. 1. Ro. A. 835 2. S. C. & 4. Hard. 148. Hall & Deering. 1. Sid. 148. Collenson ag’t Wright And this Difference I admit but conceive it is not our Case for here the dying without Issue stands by itself & is not coupled with the Contingencies of dying within Age or before the Dau’rs Marriage but separate from them by the disjunctive Or If it had been In Case either of them die within Age and without Issue There perhaps it would be within the Distinction but here the Sentences are dis-joined & must be [185] taken distributively and then the dying without Issue has no Relation to or Dependance upon those Contingencies This cannot be thought meerly a Cavil about Words but the Particles make really a great Difference in the Sense for Instance if I promise to build a House & give 500;£ I must do both but if the promise is to build a House or pay 500;£ The doing of either will discharge the Promise And this Distinction I insist on in the Case at Bar is not of my own Invention but we find it taken in the Books
Soulle & Gerrard Cro. El. 525. is a Case in Point which is a Devise to one & his Heirs And if he die within Age or without Issue Rem’r over the Devisee had Issue & died within Age the Question is between the Rem’r man & the Issue & adjudged for the Issue And it is there sayed to be an Estate tail And so it must be in Consequence of that Judgment
This Case is exactly ours And I am much mistaken if there is any Authority to contradict it or any Book where the Case is denied to be Law I know very well many Cases may be shewn where the Limitation over is upon a dying within Age & without Issue that it has been adjudged a Fee Simp e contingent but that is not the Case here And upon the Distinction I have taken I conceive all the Books may be reconciled.
There is a Case in Poll. 645. Price ag’t Hunt that I suppose will be much relied on on the other Side The Case is a devise to a Son & his Heirs And if he die before he attain to 21. or have Issue of his Body living Rem’r over to Francis Cowley The Son lived to 28. & then died without Issue The Question is between Cowley the Rem’r man & the Heir of the Son Not whether it was an Estate tail in the Son as indeed it was not *B199 but whether the Rem’r could take Effect One of the Contingencies upon which it was Emitted having happened viz the Sons attaining 21 And adjudged it should not
Now the Difference between this Case & ours is very obvious the Rem’r there is to commence upon the Sons dying without Issue living which is certainly a Contingency & differs very much from a Limitation upon a dying without Issue generally as our Case is I have already taken this Difference & allowed that where the dying without Issue is attended or coupled with any contingent Circumstance there it makes no Estate tail but is a Fee simple contingent But in our Case the dying without Issue stands singly & is disjoined from the Contingencies of dying before Age or Marriage
This Case then of Price & Hunt proves no more than this that where a Rem’r is Emitted to Commence upon 2 Contingencies in the Disjunctive If either of them happen the Rem’r cannot take Effect w’ch I shall readily grant but conceive it is nothing to this Purpose
[186] Besides to construe this a contingent Fee will be to make the Rem’r to the Survivor vain & idle for then in that Case the Use of such a Rem’r must be to prevent the Estate from going to the Heir of the 1. Devisee in Case he sho’d die before 21. or without Issue but it can never be supposed the Testor had any such Intent in this Case because he has Emitted the Rem’r to that very Person who was & would have been Heir to the Devisee in Case he died before 21 or without Issue And so if this is construed a contingent Fee the Rem’r must be useless Certainly then this was not his Intent but his Intention in Emitting this Rem’r was to exclude his own Heir from taking upon the Determination of the Estate given to the 1. Devisee as he would have done upon the Death of the Devisee without Issue in Case this Rem’r had not been The Inference from this is clear he did not intend a contingent Fee but an Estate tail 1. Sal. 233. 1. Ro. A. 836.
It is a Rule in the Construction of Wills that such Construction should be made as will make the whole Will consistent But to construe this a contingent Fee is inconsistent with the Rem’r over as this Case is Therefore it must be an Estate tail
The Construction I contend for is not only supported by the Words of the Will but by the clear Intention of the Testator as I conceive He certainly intended the Rem’r should take Effect whenever there was a Failure of Issue & not only upon *B200 the Contingency of dying without Issue within Age &c. as I hope is in some Measure evident from what has been sayed but will appear still more clearly if we consider the latter Part of the Devise Upon which the present Question properly depends The Words are “ Then I give the whole to the Survivor And in “ Case both' die before they do accomplish their respective “Ages or without Issue of their or one of their Bodies lawfully “ begotten Then I give & bequeath the said Plantation to the “ right Heirs of me the sd. David Fox ”
The first Words “ Then I give the whole to the Survivor ” carry no Estate of Inheritance but the Surviv’r by Force of those Words without more would have only an Estate for Life in a Moiety 1. Ro. A. 835. 836. We must of Necessity have Recourse to the latter Part of the Clause to make it a greater Estate And by -that indeed it is clear he intended an Estate of Inheritance and what kind of Inheritance the Word Issue shews viz an Estate tail There is no other Word in the whole Clause to carry an Estate of Inheritance but that And therefore it must either be an Estate for Life or an Estate tail But if it should be taken as [187] an Estate for Life And the Words “ In Case both die without Issue &c.” are taken as Words of Determination i.e. to shew when the Estate given by the first Words should determine this Absurdity will follow that the Survivor had an Estate for Life determinable upon his dying without Issue And it is not to be supposed the Testator intended such an Absurdity In Order therefore to satisfie the Words of the Will & make the Test ators Meaning' consistent with Reason & good Sense the Will must be construed as I would have it viz. that the Survivor was to have an Estate tail in the whole Which I hope appears clearly to be the Testators Intention If the Court is of another Opinion Then I insist the Survivor had only an Estate for Life in one Moiety And we as Heir at Law are well intitled to that Moiety Q. & vide Skin. 339.
I will beg Leave to add one Case in Law which I believe will not be denied If Lands are devised to a Man without saying more And in Case he die without Issue Rem’r over this is clearly an Estate tail I must submit whether that be not the Case here The Survivor is to have the whole And in Case he die within Age or without Issue Rem’r over
To conclude We are Heir at Law And if there is any Doubt about the Construction of this Will such Construction should *B201 be made as is most in our Favour The Law is favourable to the Heir upon many Accounts Before the Stat. 31. H. 8. the Ancestor could not devise away his Land from him And since that Statute Devises that tend to deprive him of his Inheritance are always construed as much in his Favour as may be It is indeed a known & established Maxim that in doubtful Constructions the Heir is to be favoured Wherefore if the Testors Intention was not so evident as I hope it appears Judgment ought to be for the Pit.
Case of Barber & Timson in this Court ab’t 20 Years Where the Will was in the same Words & adjudged an Estate tail
Needier for the Deft, insisted much on the Word Assigns in the first Part of the Devise which he sayed shewed the Testor intended a Fee 2 Sal. 622. That if it should be construed an Estate tail that Estate is determinable by the Death of the Devisee before 21. And then it will follow that if the Devisee had died before 21. & left Issue that Issue must be disinherited which can never be thought the Testors Meaning Therefore (Or) here must be taken for (and) & then it is clearly a contingent Fee tie cited 1. Ro. Abr. 835. 4. Henbury & Cockerell. Hard. 148. Hall & Deering 1. Sid. 148. Collenson & Wright but principally relied on Price & Hunt Poll. 645. Vid. 2. Vern. 86. 151. Skinn. 144. Pell & Brown Cro. Ja. 590.
[188] Apr. 1736.
Judgment for the Deft (viz. that it was a contingent Fee) by the Opinion of
Tayloe Lightfoot Randolph Carter Custis Digges & Grymes Byrd con. Robinson Blair & The Governor
Needier Cont 15
That this is rightly adjudged See 2 Strange Barker v Sureties